**Jiang v. Sessions**

BIA
Bukszpan, IJ
A073 548 803

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand eighteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

_____

CHUN XIANG JIANG,
> *Petitioner,*

v.                                                      17-677
                                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Richard Tarzia, Belle Mead, NJ.

FOR RESPONDENT:          Chad A. Readler, Acting Assistant
                         Attorney General; Shelley R. Goad,
                         Assistant Director; Carmel A.
                         Morgan, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chun Xiang Jiang, a native and citizen of the People's Republic of China, seeks review of a February 14, 2017, decision of the BIA affirming an April 20, 2016, decision of an Immigration Judge ("IJ") denying Jiang's motion to reopen her removal proceedings to apply for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang,* No. A073 548 803 (B.I.A. Feb. 14, 2017), *aff'g* No. A073 548 803 (Immig. Ct. N.Y. City Apr. 20, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of Jiang's motion to reopen for abuse of discretion, and the agency's factual findings regarding country conditions under the substantial evidence standard. *Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

2

It is undisputed that Jiang's 2015 motion to reopen was untimely because her removal order became final in 1997. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Although the 90-day filing limitation does not apply to motions to reopen to seek asylum "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), the agency reasonably concluded that Jiang did not establish any material change in conditions in China.

While Jiang asserted that China's treatment of Christians had materially worsened since 1997, the agency compared Jiang's new evidence to a 1995 country report in the record and reasonably determined that Jiang's evidence did not show a material change in conditions for Christians. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) ("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

As the agency concluded, Jiang's evidence showed a continuation of former conditions. The agency acknowledged the recent reports of church demolitions and arrests, but reasonably concluded that any references to "worsening" conditions were made in comparison to recent years, as opposed to the conditions in 1997. Jiang argues that the agency overlooked or failed to fully consider the 2014 and 2015 reports and articles regarding church demolitions in her home province, Zhejiang, but the record does not compellingly suggest that any evidence was ignored. *See Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that where "the BIA has given reasoned consideration . . . and made adequate findings," it need not "expressly parse or refute on the record each . . . piece of evidence offered by the petitioner" (internal citations and quotation marks omitted)). The task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Shao*, 546 F.3d at 171.

A comparison of the 1995 and 2013 State Department reports reveals largely similar conditions: an official ban on unregistered churches, tolerance of small and discreet unregistered groups in some areas, and occasional crackdowns

4

against religious leaders and activists. While the Zhejiang cross removals and demolition—most of which targeted state-sanctioned churches as part of a provincial redevelopment campaign announced in 2013—may demonstrate the Chinese government's continuing hostility toward visible displays of Christianity, they do not demonstrate a material change in national or provincial government policy toward unregistered churches or Christianity generally.

In sum, given that the reports reflect continuing conditions, or at most some fluctuation as compared to conditions in 1997, substantial evidence supports the agency's conclusion that Jiang failed to show a material change in conditions for Christians in China. *Shao*, 546 F.3d at 169. Accordingly, the agency did not abuse its discretion in denying Jiang's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6